# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| EDGAR CLAYTON, individually and on behalf of all others similarly situated, | DOCKET NO. _____ |
| vs. | JURY TRIAL DEMANDED |
| PRO ACTIVE SAFETY SYSTEMS P.A.S.S. LLC d/b/a H.S.E. SAFETY PARTNERS. | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Edgar Clayton (Clayton) brings this Fair Labor Standards Act (FLSA) lawsuit to recover unpaid overtime wages and other damages owed by Pro Active Safety Systems P.A.S.S. LLC d/b/a H.S.E. Safety Partners (PASS).

2. Clayton worked for PASS as an HSE Specialist.

3. Clayton and other HSE Specialists like him regularly worked in excess of 40 hours each week.

4. PASS did not pay Clayton or any other workers like him overtime compensation as required by the FLSA.

5. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

### JURISDICTION & VENUE

6. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. Clayton

performed work for PASS throughout Midland County.

## PARTIES

8. Clayton worked for PASS as an HSE Specialist from approximately December 2018 until February 2020.

9. Clayton's consent is attached as Exhibit A.

10. Clayton brings this action on behalf of himself and other similarly situated workers who were not paid proper overtime compensation under the FLSA.

11. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All HSE Specialists employed by Pro Active Safety Systems P.A.S.S. LLC who worked in excess of 40 hours in a workweek at any time in the past 3 years and were not properly paid overtime.** (the Putative Class Members).

12. Defendant Pro Active Safety Systems P.A.S.S. LLC is a limited liability company doing business throughout the United States, including Texas. PASS may be served through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or wherever they may be found.

## COVERAGE UNDER THE FLSA

13. At all relevant times, PASS has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

14. At all relevant times, PASS has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

15. At all relevant times, PASS has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). PASS has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as tools, cell phones, and personal protective equipment – that have been moved in or produced for commerce.

16. In each of the last 3 years, PASS has had and has an annual gross volume of sales made or business done of at least $1,000,000.

17. At all relevant times, Clayton and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

18. As will be shown through this litigation, PASS misclassified Clayton and the Putative Class Members as exempt employees and dictated the pay practices to which it subjected them.

### FACTS

19. PASS "employs and staffs certified safety professionals into large industrial and commercial construction or maintenance jobs all across the United States."[1] To complete their business objectives, PASS hires personnel (like Clayton) to perform site safety and quality control work for PASS' clients.

20. PASS employed Clayton as an HSE Specialist from approximately December 2018 until February 2020.

21. Throughout the relevant time period, PASS paid Clayton a flat weekly rate for the first fifty-eight (58) hours worked and then paid a flat hourly rate for all hours worked over fifty-eight (58).

22. Specifically, PASS paid Clayton approximately $1,400 for the first 58 hours worked in a week and $30 for each hour after 58 hours.

23. The flat weekly rate paid by PASS was not guaranteed.

24. If Clayton missed a day of work, the hours from the missed day would have to be made up to complete 58 hours prior to any overtime being paid.

25. PASS did not pay Clayton or the Putative Class Members proper overtime wages when they worked over 40 hours in a workweek.

---

[1] http://www.hsesafetypartners.com/outsourced-safety-staffing/ (last visited June 23, 2020).

26. But Clayton and the Putative Class Members regularly worked substantial overtime.

27. For example, Clayton typically worked a minimum of 12 hours a day, for 6 days a week, for weeks on end.

28. Thus, Clayton regularly worked approximately 72 hours each workweek, well over the 40-hour overtime threshold.

29. PASS misclassified Clayton and the Putative Class Members as exempt from the overtime compensation requirements of the FLSA.

30. But Clayton and the Putative Class Members were not employed in any bona fide executive, administrative, or professional capacity.

31. Nor were Clayton and the Putative Class Members performing work that was exempt under the Motor Carrier Act.

32. PASS did not pay Clayton or the Putative Class Members one and one-half times their regular rates of pay for all hours worked, when they worked in excess of 40 hours in a work week.

33. Clayton and the Putative Class Members' primary duties consisted of ensuring PASS' employees and contractors followed company safety procedures along with DOT and OSHA regulations.

34. Specifically, Clayton and the Putative Class Members would work at construction sites for energy generation, transmission and distribution, including power lines, power poles, substations, and wind turbines. These workers would ensure employee and contractor compliance with PASS', its clients' and regulatory safety protocols.

35. Clayton and the Putative Class Members never drove any vehicles weighing over 10,000 pounds on any interstates, highways, or county roads.

36. Clayton and the Putative Class Members did not have the authority to hire, fire, and/or discipline any of PASS' employees.

37. Clayton and the Putative Class Members' primarily job duties did not require them to exercise discretion or independent judgment with respect to matters of significance.

38. Indeed, Clayton and the Putative Class Members' job duties were formulaic and not highly specialized.

39. Thus, Clayton and the Putative Class Members were non-exempt employees that should have been paid overtime for all hours worked over 40 per week.

40. PASS knew Clayton and the Putative Class Members worked significant overtime without being compensated for the same.

41. Upon information and belief, PASS deprived Clayton and the Putative Class Members of the overtime pay they were entitled to under the FLSA to save on labor costs and make higher profits.

42. At all relevant times, Clayton and the Putative Class Members were non-exempt employees for purposes of overtime compensation provisions of the FLSA.

## CAUSE OF ACTION - FLSA VIOLATIONS

43. Clayton brings his FLSA claim as a collective action under 29 U.S.C. § 216(b).

44. PASS violated, and is violating, the FLSA by failing to pay Clayton and the Putative Class Members overtime.

45. PASS' illegal pay policy extends beyond Clayton.

46. It is the flat weekly rate combined with a flat hourly rate for hours over 58 payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV. A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006).

47. PASS paid hundreds of HSE Specialist employees according to the same unlawful scheme.

48. Any differences in job duties do not detract from the fact that these HSE Specialists were entitled to properly calculated overtime pay.

49. The workers impacted by PASS' pay practice should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

50. PASS misclassified Clayton and the Putative Class Members as exempt employees in order to deprive them of the overtime compensation they were entitled to under the FLSA.

51. PASS knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Clayton and the Putative Class Members overtime.

52. PASS' failure to pay overtime to Clayton and the Putative Class Members was neither reasonable, nor was the decision not to pay overtime made in good faith.

53. Accordingly, Clayton and the Putative Class Members are entitled to overtime under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

54. The Putative Class Members were victimized by PASS' pattern, practice, and/or policy which is in willful violation of the FLSA.

55. Other HSE Specialist employees worked with Clayton and indicated they were classified as exempt, paid in the same manner (a flat weekly rate with flat hourly overtime paid for any hours over 58), and performed similar work.

56. Based on his experiences with Pro Active, Clayton is aware that PASS' illegal practices were imposed on the Putative Class Members.

57. The Putative Class Members were classified as exempt employees and not afforded overtime compensation when they worked in excess of 40 hours in a week.

58. Clayton's experiences are therefore typical of the experiences of the Putative Class Members.

59. The specific job titles or precise job locations of the Putative Class Members do not prevent collective treatment.

60. Clayton has no interest contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Clayton has an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

61. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62. Absent this action, many Putative Class Members likely will not obtain redress of their injuries, and PASS will reap the unjust benefits of violating the FLSA.

63. Furthermore, even if some of the Putative Class Members could afford individual litigation against PASS, it would be unduly burdensome to the judicial system.

64. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

65. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether PASS employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

   b. Whether PASS' decision to classify the Putative Class Members as exempt employees and not pay them properly calculated overtime was made in good faith;

   c. Whether PASS' decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

   d. Whether PASS' violation of the FLSA was willful; and

   e. Whether PASS' illegal pay and classification practices were applied uniformly to all Putative Class Members.

66. Clayton and the Putative Class Members sustained damages arising out of PASS' illegal and uniform employment policy.

67. Clayton knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

68. Even if the issue of damages was somewhat individual in character, there would be no detraction from the common nucleus of liability facts.

## JURY DEMAND

69. Clayton demands a trial by jury.

## RELIEF SOUGHT

WHEREFORE, Clayton prays for judgment against PASS as follows:

a. An Order designating the Putative Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b. For an Order appointing Clayton and his counsel to represent the interests of the Putative Class Members;

c. For an Order finding PASS liable to Clayton and the Putative Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
    **Michael A. Josephson**
    Texas Bar No. 24014780
    **Andrew W. Dunlap**
    Texas Bar No. 24078444
    **JOSEPHSON DUNLAP**
    11 Greenway Plaza, Suite 3050
    Houston, Texas 77046
    713-352-1100 – Telephone
    713-352-3300 – Facsimile
    mjosephson@mybackwages.com
    adunlap@mybackwages.com

    **AND**

    **Richard J. (Rex) Burch**
    Texas Bar No. 24001807
    **BRUCKNER BURCH PLLC**
    8 Greenway Plaza, Suite 1500
    Houston, Texas 77046
    713-877-8788 – Telephone
    713-877-8065 – Facsimile
    rburch@brucknerburch.com

    **ATTORNEYS IN CHARGE FOR PLAINTIFF**